IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-02128-WDM-BNB

DAVID J. STERLING,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

_____

**ORDER**
_____

This matter is before me on the following motions:

(1) **Plaintiff's Motion for Order to Compel Defendant to Produce State Statute or Strike Defendant's Motion to Dismiss**, filed July 29, 2005;

(2) Plaintiff's **Motion to Appoint Expert Pursuant to Federal Rules of Evidence 706(a)**, filed July 25, 2005; and

(3) **Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion to Dismiss**, filed July 25, 2005.

The plaintiff filed his Prisoner Complaint ("the Complaint") on February 2, 2005. The Complaint is brought pursuant to the Federal Tort Claims Act ("FTCA") "for negligence, malpractice and wrongful acts or omissions." *Complaint*, p. 3. The defendant filed a motion to dismiss the Complaint on June 30, 2005. *Defendant's Motion to Dismiss Pursuant to Colo.Rev.Stat. § 13-20-602*. The plaintiff was ordered to respond to the motion to dismiss on or before July 29, 2005. *Minute Order dated July 6, 2005*.

**Plaintiff's Motion for Order to Compel Defendant to
Produce State Statute or Strike Defendant's Motion to Dismiss**

The plaintiff requests that the Court (1) order the defendant to provide the plaintiff with a copy of section 13-60-202, C.R.S., as cited in the motion to dismiss; (2) strike defendant's motion to dismiss if it fails to comply with an order to provide the plaintiff with a copy of section 13-60-202; and (3) strike the defendant's motion to dismiss as untimely.

The motion to dismiss seeks dismissal of the Complaint on the basis that the plaintiff has failed to obtain a certificate of review as required by section 13-20-602, C.R.S.  In its motion to dismiss, however, the defendant repeatedly transposes the numbers of the statute, resulting in mistaken citations to section 13-60-202.  The plaintiff requests that the court order the defendant to provide the plaintiff with a copy of section 13-60-202.  Because the citations to section 13-60-202 are erroneous, the request is denied.

The plaintiff further requests that the defendant's motion to dismiss be stricken if the defendant fails to comply with an order to provide the plaintiff with a copy of section 13-60-202. Because the plaintiff's request for a copy of section 13-60-202 is denied, the plaintiff's request to strike the motion to dismiss is moot.

The plaintiff also requests that the Court strike the defendant's motion to dismiss as untimely.  The motion to dismiss seeks dismissal for lack of subject matter jurisdiction.  I construe the motion as a motion for judgment on the pleadings.  A motion based on a lack of subject matter jurisdiction may be made at any time during the action.  Fed. R. Civ. P. 12(h)(3). Therefore, the defendant's motion is not untimely, and the plaintiff's request to strike the motion

as untimely is denied. Accordingly, Plaintiff's Motion for Order to Compel Defendant to Produce State Statute or Strike Defendant's Motion to Dismiss is DENIED.

### Motion to Appoint Expert Pursuant to Federal Rules of Evidence 706(a)

The Complaint asserts six claims pursuant to the FTCA based on the defendant's alleged negligence in diagnosing and treating multiple medical conditions suffered by the plaintiff. The defendant seeks to dismiss this case as a result of the plaintiff's failure to file a certificate of review as required by section 13-20-602, C.R.S.

Because the requirement to file a certificate of review is substantive and not procedural in nature, the law of the State of Colorado applies. Trierweiler v. Croxton and Trench Holding Corp., 90 F.3d 1523, 1541 (10th Cir. 1996). Under Colorado law, the filing of a certificate of review is required for claims of professional negligence under the FTCA where expert testimony is necessary to establish negligence. Section 13-20-602, C.R.S.; Hill v. United States, 751 F.Supp. 909, 910 (D. Colo. 1990). The statute requires that a certificate of review show (1) that the plaintiff has consulted with a person with expertise in the area of the alleged negligent conduct and (2) that an expert has concluded that the claim does not lack substantial justification. Section 13-20-602, C.R.S.

Here, the plaintiff's claim is based on the defendant's alleged negligence in diagnosing and treating multiple medical conditions. The plaintiff's allegations require expert testimony to establish the standard of care and whether or not that standard was breached. See Greene v. Thomas, 662 P.2d 491, 494 (Colo. App. 1983). Consequently, the plaintiff is required to file a certificate of review. Id. Failure to file a certificate of review requires dismissal of the plaintiff's Complaint. See Teiken v. Reynolds, 904 P.2d 1387, 1389 (Colo. App. 1995).

The plaintiff requests, pursuant to Federal Rule of Evidence 706(a), that the Court appoint an expert to satisfy the requirements of section 13-20-602, C.R.S.  Rule 706(a) does not obligate the Court to appoint an expert under the circumstances of this case.  The Motion to Appoint Expert Pursuant to Federal Rules of Evidence 706(a) is DENIED.

**Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion to Dismiss**

Finally, the plaintiff seeks an extension of time to respond to the motion to dismiss and to attempt to locate an expert to satisfy the requirements of section 13-20-602, C.R.S.  The plaintiff's request may be granted for good cause shown.  Section 13-20-602(1)(a), C.R.S.  I find that the plaintiff has shown good cause.  The plaintiff shall have until November 2, 2005, to file a response to the motion to dismiss and to file a certificate of review in compliance with section 13-20-602, C.R.S.

IT IS ORDERED that Plaintiff's Motion for Order to Compel Defendant to Produce State Statute or Strike Defendant's Motion to Dismiss is DENIED.

IT IS FURTHER ORDERED that the plaintiff's Motion to Appoint Expert Pursuant to Federal Rules of Evidence 706(a) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion to Dismiss is GRANTED as stated in this Order.  The plaintiff shall have until **November 2, 2005**, to file a response to the motion to dismiss and to file a certificate of review in compliance with section 13-20-602, C.R.S.

IT IS FURTHER ORDERED that the Defendant's Motion to Dismiss Pursuant to Colo.Rev.Stat. § 13-20-602 is construed as a motion for judgment on the pleadings.

Dated August 5, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge