IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-02128-WDM-BNB

DAVID J. STERLING,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

_____

**ORDER**
_____

This matter is before me on **Plaintiff's Motion to Strike Defendant's Response to Motion for Injunctive Relief** (the "Motion to Strike"), filed May 31, 2005. For the following reasons, the Motion to Strike is DENIED.

The plaintiff is currently incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Penitentiary-Administrative Maximum ("ADX"). The plaintiff filed his Prisoner Complaint ("the Complaint") on February 2, 2005. The Complaint is brought pursuant to the Federal Tort Claims Act "for negligence, malpractice and wrongful acts or omissions." *Complaint*, p. 3.

The plaintiff filed a motion for injunctive relief on April 28, 2005. The defendant filed a response on May 18, 2005. In its response, the defendant recognized that in order to be entitled to injunctive relief the plaintiff must establish several elements, including a substantial likelihood of success on the merits of his case. The defendant also recognized that Colorado law governs the plaintiff's negligence claims. Indeed, the defendant cited Colorado case law in

support of its argument that the plaintiff does not have a substantial likelihood of success on the merits.

Rather than filing a reply in support of his motion for injunctive relief, the plaintiff filed the Motion to Strike.[1] The plaintiff seeks to strike the defendant's response to the motion for injunctive relief because he does not have access to Colorado case law and, therefore, cannot properly respond to the defendant's "substantial likelihood of success" argument.

On July 13, 2005, I held a hearing on the Motion to Strike to determine whether the plaintiff had access to Colorado case law sufficient to reply to the defendant's "substantial likelihood of success" argument. Mr. Benjamin Brieschke, the Attorney Advisor at ADX, testified that ADX is required by policy to carry only two state reporters--the Maryland Reporter and the Atlantic Reporter. *Transcript of July 13, 2005 Hearing* ("Transcript"), p. 10, ll 2-9, 9-11. ADX contracts with the University of Wisconsin School of Law to provide inmates with other state law that is not available at ADX. Id. at p. 10, ll. 22-25. If an inmate needs state law that is not available at ADX, a request must be submitted to the education department. Id. at p. 16, ll. 17-19; p. 17, ll. 20-25. The request is forwarded to the legal department. Id. at ll. 20-21. The legal department determines whether to obtain the information for the inmate from its own resources or refer the inmate to the University of Wisconsin School of Law. Id. at p. 16, l. 21 - p. 17, l. 3.

In this case, the plaintiff sent numerous requests to Mr. Brieschke for legal materials, including a list of requested Colorado case law and statutes on July 5, 2005. Id. at p. 11, ll. 9-15.

---

[1] The plaintiff was granted an extension of time until June 28, 2005, to file a reply in support of his motion for injunctive relief. *Minute Order dated May 31, 2005* (filed June 1, 2005). The plaintiff filed a reply on June 28, 2005, wherein he asserts that he does not have access to Colorado statutes and Colorado case law.

Mr. Brieschke responded on July 8, 2005, by sending copies of the cases and statues to the plaintiff. Id. at ll. 15-18. The plaintiff testified at the hearing that he had not yet received the July 8 response and that "[w]e wouldn't be here now if I had." Id. at p. 14, ll. 21-22. Counsel for the defendant assured the Court that all of the plaintiff's requested legal materials either have been provided to him or would be provided to him by the end of the day. Id. at p. 26, l. 13-p. 27, l. 8. The plaintiff did not request any additional legal materials. Id. at p. 32, ll. 13-16.

Based on the assurances of defense counsel and Mr. Brieschke that the plaintiff has been provided with all of the legal materials he has requested in order to draft a reply in support of his motion for injunctive relief, and based on the plaintiff's statement that he is not seeking any additional legal material to draft the reply, I find that the plaintiff has adequate access to Colorado case law sufficient to reply to the defendant's "substantial likelihood of success" argument. The plaintiff is granted an extension of time to and including September 2, 2005, to submit an amended reply in support of his motion for injunctive relief. The plaintiff's initial reply, filed June 28, 2005, is stricken. The plaintiff may reassert his arguments, if necessary, in his amended reply. Accordingly,

IT IS ORDERED that Plaintiff's Motion to Strike Defendant's Response to Motion for Injunctive Relief is DENIED.

IT IS FURTHER ORDERED that the plaintiff shall file an amended reply in support of his motion for injunctive relief on or before **September 2, 2005**.

Dated August 5, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge