IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-02128-WDM-BNB

DAVID J. STERLING,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the plaintiff's **Motion for Injunctive Relief**, (the "Motion") filed April 28, 2005. For the following reasons, I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff is in the custody of the United States Bureau of Prisons ("BOP") at the United States Penitentiary-Administrative Maximum ("ADX") in Florence, Colorado. He filed a Prisoner Complaint on February 2, 2005, seeking damages under the Federal Tort Claims Act ("FTCA") for alleged medical malpractice arising from the treatment of his medical conditions.

The plaintiff states that he suffers from the following painful maladies: fibromyalgia, degenerative joint disease, osteoarthritis, and chronic pain syndrome. He further states that he suffers from ulcers, gastritis, and gastroesophogeal reflux as a result of taking nonsteroidal anti-inflammatory drugs ("NSAIDs") prescribed by the BOP. He claims that his treating physician, Dr. Leyba, is denying him effective treatment for his pain and is preventing him from being transferred to a prison facility that can manage his pain. The plaintiff seeks injunctive relief in the

form of (1) immediate effective treatment for his pain,  and (2) a transfer to a prison facility where he can obtain effective treatment for his pain.

The purpose of a preliminary injunction is to preserve the status quo pending the outcome of the case on its merits.  Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). An injunction is a drastic remedy and is granted only in cases where the right to relief is clearly established.  Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964).  The burden is on the movant to establish his right to the relief requested.  Penn, 528 F.2d at 1185.

The movant must show that (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits.  Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980).  The movant's right to relief must be clear and unequivocal.  Penn, 528 F.2d at 1185.

The following kinds of preliminary injunctions are disfavored:  (1) those that disturb the status quo; (2) those that are mandatory as opposed to prohibitory; and (3) those that afford the movant substantially all the relief he may recover at the conclusion of a full trial on the merits. SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096 1098-99 (10th Cir. 1991).  A movant seeking these kinds of injunctions, as the plaintiff does here, must show that the four factors weigh heavily and compellingly in his favor.[1]  Id.

---

[1] Mandatory injunctions "affirmatively require the nonmovant to act in a particular way." Id. at 1099.  Injunctions that disturb the status quo alter the parties existing relationship.  Id. at 1100.  "The status quo is not defined by the parties' existing *legal rights*; it is defined by the *reality* of the existing status and relationships between the parties, regardless of whether the

The plaintiff has failed to meet this heavy burden. He submits several medical records with his briefs. He does not provide any compelling evidence, however, demonstrating that he will suffer irreparable injury if the injunction does not issue. To the contrary, the most recent medical record, dated January 28, 2004, contains an entry by Dr. Leyba which states that the plaintiff was prescribed Tylenol for his pain because Feldene was causing gastric side effects. *Plaintiff's Amended Reply in Support of Motion for Injunctive Relief*, filed September 1, 2005, Attachment 12. In addition, a letter from Dr. Leyba to the plaintiff dated June 17, 2004, states that the plaintiff is being offered amitriptyline and NSAIDS, the recommended drug therapy for his pain. There are no current medical records (or other evidence) to indicate that the plaintiff's condition necessitates a higher level of care.

I also note that one of the plaintiff's documents, dated May 21, 2004, states that he has "been evaluated on numerous occasions by ADX Florence medical staff, as well as consultant specialists in the local community. ADX Florence medical staff have afforded you the opportunity to receive treatment; however, you have refused." *Motion*, Exhibit 2. Finally, the plaintiff's treating physician, Dr. Leyba, attests that the plaintiff's medical condition does not require advanced medical care which would require transfer to another prison facility. *Amended Declaration of Lawrence Leyba, D.O.*, filed October 14, 2005.

The plaintiff has failed to establish that the irreparable injury factor weighs heavily and compellingly in his favor. Therefore, I need not address the remaining requirements for injunctive relief.

---

existing status and relationships may ultimately be found to be in accord or not in accord with the parties' legal rights." Id. (emphasis in original).

I respectfully RECOMMEND that the plaintiff's Motion for Injunctive Relief be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated October 28, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge