IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-02128-WDM-BNB

DAVID J. STERLING,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.
_____

**ORDER**
_____

This matter is before me on the following:

(1) Plaintiff's **Motion to Strike Declaration of Lawrence Leyba, D.O.** (the "Plaintiff's Motion to Strike"), filed August 23, 2005;

(2) **Defendant's Motion to Stay Discovery Pending Resolution of the Motion to Dismiss Pursuant to Colo. Rev. Stat. § 13-20-602** (the "Motion to Stay"), filed October 4, 2005;

(3) Papers filed by the plaintiff on October 11, 2005, captioned **Complaint for Denial of Access to the Courts** (the "Motion re Access"); and

(4) **Defendant's Motion to Strike Complaint for Denial of Access to the Court (Docket 101)** (the "Defendant's Motion to Strike"), filed October 24, 2005.

The Plaintiff's Motion to Strike seeks an order striking the declaration of Lawrence Leyba which was submitted in support of the defendant's response to the plaintiff's motion for injunctive relief. I already have recommended that the plaintiff's request for an injunction be denied. In

addition, the plaintiff provides no basis for striking the declaration.

On June 30, 2005, the defendant filed a motion to dismiss the case  The plaintiff's response to the motion to dismiss is due on or before November 2, 2005.  The Motion to Stay requests a stay of discovery until the motion to dismiss is decided.  I have reviewed the plaintiff's claims and the arguments contained in the motion to dismiss.  Based upon that review, I have determined that good cause exists to stay discovery until there is a determination as to whether the plaintiff's complaint will be allowed to proceed.

In the Motion re Access, the plaintiff requests an order compelling the defendants to make state law materials available to him so that he can perform legal research.  The plaintiff does not identify the materials he needs, nor does he specify how those materials would assist him.  In short, the plaintiff has failed to make a satisfactory showing of what he needs and why.

Finally, the Defendant's Motion to Strike seeks an order striking the Motion re Access, arguing that the plaintiff is attempting to file a new complaint.  I have construed the papers as a motion for access to legal materials, not as a complaint or a motion to amend the complaint, and I have denied the requested relief.  Under these circumstances, there is no need to strike the plaintiff's materials.

IT IS ORDERED as follows:

The Plaintiff's Motion to Strike is DENIED;

The Motion to Stay is GRANTED, and discovery is stayed pending a ruling on the defendant's motion to dismiss;

The Motion re Access is DENIED; and

The Defendant's Motion to Strike is DENIED.

Dated October 28, 2005.

                                        BY THE COURT:

                                        /s/ Boyd N. Boland
                                        United States Magistrate Judge