IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-02128-WDM-BNB

DAVID J. STERLING,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the plaintiff's **Motion for Leave to Amend and Supplement Plaintiff's Second Amended Complaint** (the "Motion"), filed October 14, 2005. For the following reasons, I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff is currently incarcerated by the United States Bureau of Prisons ("BOP") at the Administrative Maximum Facility in Florence, Colorado ("ADX"). The plaintiff filed his initial Complaint on October 14, 2004. He filed an Amended Complaint on November 29, 2004. The Amended Complaint asserted claims pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. On January 14, 2005, the plaintiff was ordered to show cause why the Amended Complaint should not be dismissed for failure to exhaust the BOP's administrative remedies and the FTCA remedies. On February 2, 2005, the plaintiff filed a Second Amended Complaint asserting claims only pursuant to the FTCA. The defendant filed an Answer to the Second Amended Complaint on April 19, 2005. The plaintiff now seeks leave to file a Third

Amended Complaint.

The Federal Rules of Civil Procedure provide that a complaint may be amended as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party.

Fed.R.Civ.P. 15(a).

The plaintiff already has amended his initial Complaint as of right, and the defendant has served a responsive pleading. Therefore, the plaintiff may not amend again unless he obtains either leave of Court or written consent from the defendant. Id.

The Federal Rules of Civil Procedure provide that leave to amend shall be given freely when justice so requires. Fed.R.Civ.P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant an unlimited right to amend. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

The proposed third amended complaint asserts seven claims. Claims One through Six are brought pursuant to the FTCA, and they are identical to Claims One through Six as asserted in the Second Amended Complaint. Claim One alleges that the BOP has continuously and negligently refused to adequately treat the pain and suffering caused by the plaintiff's fibromyalgia, degenerative joint disease, chronic pain syndrome, arthritis, and osteoarthritis. Claim Two alleges

that BOP employees caused permanent injury to the plaintiff when they treated him with non-steroidal anti-inflammatory drugs ("NSAIDs") despite their knowledge that the plaintiff suffered from gastric problems and that NSAIDs are contraindicated in patients with gastric problems. Claim Three alleges that the BOP was "negligent in prescribing the drugs Senecot and Tegretol and in subjecting the plaintiff to "excessive and unnecessary x-rays and chemicals in the air and water which caused and or contributed to severe anemia." Claim Four alleges that BOP employees have caused the plaintiff to suffer unnecessarily by refusing or failing to provide adequate diagnosis or treatment for his fibromyalgia, chronic pain syndrome, degenerative joint disease, osteoarthritis, chronic constipation, and anemia. Claim Five alleges that BOP officials have "negligently or wrongfully" denied the plaintiff an adequate diet which has caused him to suffer chronic anemia and pernicious anemia. Claim Six alleges that the BOP is and has been denying the plaintiff a diet which provides adequate nutrition and meets his "sincerely held religious belief / tenet of strict vegetarianism."

Separately, I have recommended that the majority of the claims of the Second Amended Complaint be dismissed for failure to file a certificate of review pursuant to section 13-20-602, C.R.S. Allowing the plaintiff to amend his complaint to reassert those claims would be futile.

Claim Seven of the proposed third amended complaint asserts numerous violations of the plaintiff's constitutional rights pursuant to Bivens. Specifically, Claim Seven alleges that Dr. Lawrence Leyba, D.O., violated the plaintiff's constitutional rights as follows:

1. Dr. Leyba was deliberately indifferent to the plaintiff's serious medical needs in violation of the Eighth Amendment because he (1) denied adequate and effective treatment for the plaintiff's fibromyalgia, chronic pain syndrom, degenerative joint disease, osteoarthritis, and

bulging discs; (2) delayed plaintiff's transfer to the United States Medical Center for Federal Prisoners in Springfield, Missouri (USMCFP) for pain treatment; (3) ordered the ADX Physician's Assistants not to treat the plaintiff's musculoskeletal pain; (4) discontinued all medications prescribed for the plaintiff by doctors at USMCFP, including, Elavil, Bacolfen, Neurontin, and Tylenol; (5) treated the plaintiff with NSAIDs despite his knowledge that the plaintiff suffered from gastric problems and that NSAIDs are contraindicated in patients with gastric problems; (6) forced the plaintiff to take Novasource, liquid iron, Reglan (Metoclopramide), and Phenergan when no legitimate medical need existed; (7) deliberately "removed from plaintiff's medical record and destroyed pertinent medical records" which showed that the plaintiff suffered from peptic ulcer disease and was not to take NSAIDs because of gastric problems; (8) "removed plaintiff from a [sic] evening sack vegetarian meal without any rational reason or basis"; and (9) denied the plaintiff an adequate diet that has caused the plaintiff to suffer extreme anemia;

    2. Dr. Leyba retaliated against the plaintiff for exercising his First Amendment right to file grievances and law suits by (1) deliberately removing the plaintiff from Elavil and (2) removing the plaintiff from the list of patients to be transferred to USMCFP; and

    3. Dr. Leyba violated the plaintiff's First Amendment right to freedom of religion by deliberately denying the plaintiff "an adequately nutritious diet which meets both medical needs and religious tenets and has caused plaintiff to suffer extreme anemia . . . ."

    The plaintiff's Bivens claims challenge prison conditions. Therefore, they are governed by the Prison Litigation Reform Act (the "PLRA"). 42 U.S.C. § 1997e(a). The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The Supreme Court has interpreted section 1997e(a) to require, prior to filing a lawsuit in court, that the inmate exhaust all available administrative remedies whether the inmate is seeking injunctive relief, monetary damages, or both. Booth v. Churner, 532 U.S. 731 (2001).

BOP regulations require an inmate first to attempt an informal resolution of his complaint. 28 C.F.R. § 542.13. If that effort is unsuccessful, an inmate then may seek formal review by the Warden of an issue which relates to any aspect of his confinement. Id. at §§ 542.10, 542.14.

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in § 542.14(b) of this part. Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15.

The Tenth Circuit Court of Appeals reiterated in Steele v. Federal Bureau of Prisons, 335 F.3d 1204 (10th Cir. 2003), the importance of the exhaustion requirement:

> The administrative review by correction officials is intended to reduce the quantity and improve the quality of prisoner suits. It should correct problems in meritorious cases, filter out some frivolous claims, and, in any event, facilitate adjudication by clarifying the contours of the controversy.
>
> Under the plain statutory language and the Supreme Court case

> law, the substantive meaning of § 1997e(a) is clear: resort to a
> prison grievance process must precede resort to a court.

Id. at 1207 (citations and internal quotations omitted). Section "1997e(a) gives prisons and their officials a valuable entitlement--the right *not* to face a decision on the merits." Id. at 1212-13 (emphasis in original) (citations and internal quotations omitted).

In order to show exhaustion, an inmate must "attach a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." Id. at 1210 (internal quotations omitted).

The proposed third amended complaint states that the plaintiff exhausted his administrative remedies. *Proposed Third Amended Complaint*, p. 5. The plaintiff states that proof of exhaustion of the Bivens claims is found in Appendix 7, 9, 10, 21, 27, 28, 32, and 33. Id. at p. 5a. These documents are attached to a proposed amended complaint tendered on August 26, 2005 (Doc. #83). *Motion for Leave to Append Appendix 1- 37 (Doc. # 83 and 85) to Third Amended Complaint*, filed October 14, 2005.

I have reviewed the plaintiff's administrative materials. Those materials demonstrate that the plaintiff exhausted his claims for (1) denial of adequate treatment for his ailments, *Attachment 7*; (2) delay of transfer to USMCFP for pain treatment, *Attachment 10*; (3) forcing the plaintiff to take Novasource, liquid iron, Reglan (Metoclopramide), and Phenergan when no legitimate medical need existed, *Attachment 27*; (4) removing the plaintiff from the list of patients to be transferred to USMCFP in retaliation for filing grievances and lawsuits, *Attachment 10 and Attachment 32*; (5) and denying the plaintiff an adequate diet, *Attachment 28*.

There is no evidence, however, that the plaintiff exhausted his claims for (1) ordering the ADX Physician's Assistants not to treat the plaintiff's musculoskeletal pain; (2) discontinuing all medications prescribed for the plaintiff by doctors at USMCFP, including, Elavil, Bacolfen, Neurontin, and Tylenol; (3) treating the plaintiff with NSAIDs despite knowing that the plaintiff suffered from gastric problems and that NSAIDs are contraindicated in patients with gastric problems; (4) removing "from plaintiff's medical record and destroy[ing] pertinent medical records" which showed that the plaintiff suffered from peptic ulcer disease and was not to take NSAIDs because of gastric problems;[1] (5) removing plaintiff from an "evening sack vegetarian meal without any rational reason or basis"; and (6) and removing the plaintiff from Elavil in retaliation for filing grievances and law suits.

The Tenth Circuit Court of Appeals has stated:

> The policies of the PLRA . . . strongly support a reading of that statue that requires inmates to exhaust fully all of their claims before filing in federal court. If a prisoner does submit a complaint containing one or more unexhausted claims, the district court ordinarily must dismiss the entire action without prejudice.

Ross v. County of Bernalillo, 365 F.3d 1181, 1190 (10th Cir. 2004).

Because the plaintiff did not exhaust his administrative remedies as to all of his claims, the proposed third amended complaint, if filed, would be dismissed without prejudice. Id. See also Steele, 335 F.3d at 1211 (stating that "[i]n the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e"). Accordingly, it would be futile to allow the plaintiff to file his

---

[1] Attachment 9 is a complaint for violation of the Privacy Act for failure to maintain accurate medical records. Attachment 9 does not contain any allegations that Dr. Leyba destroyed or tampered with the plaintiff's medical records.

proposed third amended complaint.[2]

For these reasons, I respectfully RECOMMEND that the plaintiff's Motion for Leave to Amend and Supplement Plaintiff's Second Amended Complaint be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 18, 2006.

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge

---

[2] The defendant argues that the plaintiff's proposed third amended complaint is barred by the doctrine of exhaustion on the basis that the plaintiff did not exhaust his administrative remedies as to Claim Seven *at the time he filed his initial Complaint.* Id. This argument is frivolous. See *Case No. 02-cv-01659-EWN-BNB*, Document 166, filed September 14, 2005. The PLRA requires only that a plaintiff exhaust his claims prior to asserting them in a civil action, not prior to filing the initial complaint in a civil action. Carried to its extreme, the defendant's interpretation of the PLRA could require exhaustion--prior to filing an initial complaint--for a claim that has not yet accrued.