IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-02128-WDM-BNB

DAVID J. STERLING,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the **Defendant's Motion to Dismiss Pursuant to Colo. Rev. Stat. § 13-20-602** (the "Motion"), filed June 30, 2005. I have construed the Motion as a Motion for Judgment on the Pleadings. *Order issued August 5, 2005*. For the following reasons, I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

### I.  STANDARD OF REVIEW

As a preliminary matter, I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

A motion for judgment on the pleadings is reviewed under the same standard of review applicable to a motion to dismiss under Fed.R.Civ.P. 12(b)(6). McHenry v. Utah Valley Hosp., 927 F.2d 1125, 1126 (10th Cir. 1991). In ruling on a motion to dismiss, the court must accept the

1

plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. Id.

## II.  BACKGROUND

The plaintiff is currently incarcerated by the United States Bureau of Prisons ("BOP") at the Administrative Maximum Facility in Florence, Colorado ("ADX"). The plaintiff filed his initial Complaint on October 14, 2004. He filed an Amended Complaint on November 29, 2004. The Amended Complaint asserted claims pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. On January 14, 2005, he was ordered to show cause why the Amended Complaint should not be dismissed for failure to exhaust the BOP's administrative remedies and the FTCA remedies. On February 2, 2005, the plaintiff filed a Second Amended Complaint asserting claims only pursuant to the FTCA.

The Second Amended Complaint asserts six claims, some of which overlap. Claim One alleges that the BOP has continuously and negligently refused to adequately treat the pain and suffering caused by the plaintiff's fibromyalgia, degenerative joint disease, chronic pain syndrome, arthritis, and osteoarthritis. Claim Two alleges that BOP employees caused permanent injury to the plaintiff when they treated him with non-steroidal anti-inflammatory drugs ("NSAIDs")

despite their knowledge that the plaintiff suffered from gastric problems and that NSAIDs are contraindicated in patients with gastric problems. Claim Three alleges that the BOP was "negligent in prescribing the drugs Senecot and Tegretol and were and are negligent by subjecting me [to] excessive and unnecessary x-rays and chemicals in the air and water which caused and or contributed to severe anemia." As a direct result of these negligent acts, the plaintiff "suffered dementia, delirium, paranoia, weakness, impaired mental function, loss of motor function, nervousness, sleep disorders, difficulty breathing, dizzy-fainting spells, mental anguish, emotional distress, pain, suffering, and eventual premature death." Claim Four alleges that BOP employees have caused the plaintiff to suffer unnecessarily by refusing or failing to provide adequate diagnosis or treatment for his fibromyalgia, chronic pain syndrome, degenerative joint disease, osteoarthritis, chronic constipation, and anemia. Claim Five alleges that BOP officials have "negligently or wrongfully" denied the plaintiff an adequate diet which has caused him to suffer chronic anemia and pernicious anemia. As a result, he has "suffered weight and muscle mass loss, memory loss, extreme dizzy-fainting spells, dementia, delirium, weakness, sleep disorders, difficulty breathing, mental anguish, emotional distress and eventual premature death." Claim Six alleges that the BOP is and has been denying the plaintiff a diet which provides adequate nutrition and meets his "sincerely held religious belief / tenet of strict vegetarianism." The plaintiff seeks monetary damages.

### III.  ANALYSIS

The defendants seek dismissal of the Second Amended Complaint on the basis that the plaintiff has failed to file a certificate of review pursuant to section 13-20-602, C.R.S. Suits brought against the United States under the FTCA are governed by state substantive law. Hill v.

SmithKline Beecham Corp., 393 F.3d 1111, 1117 (10th Cir. 2004). The requirement to file a certificate of review is substantive and not procedural in nature. Therefore, the law of the State of Colorado applies. Trierweiler v. Croxton and Trench Holding Corp., 90 F.3d 1523, 1541 (10th Cir. 1996).

Under Colorado law, the filing of a certificate of review is required for claims of professional negligence under the FTCA where expert testimony is necessary to establish negligence. Section 13-20-602, C.R.S.; Hill v. United States, 751 F.Supp. 909, 910 (D. Colo. 1990). The statute requires that a certificate of review show (1) that the plaintiff has consulted with a person with expertise in the area of the alleged negligent conduct and (2) that an expert has concluded that the claim does not lack substantial justification. Section 13-20-602, C.R.S. "[T]he requirements of the certificate of review statute are applicable to civil actions alleging negligence of licensed professionals filed by nonattorney pro se plaintiffs." SmithKline, 393 F.3d at 118. See also Yadon v. Southward, 64 P.3d 909, 912 (Colo. App. 2002).

The majority of the plaintiff's claims are based on the defendant's alleged negligence in creating, diagnosing, and treating numerous medical conditions. I have already determined that these allegations require expert testimony to establish the standard of care and whether or not that standard was breached. *Order issued August 5, 2005* (citing Greene v. Thomas, 662 P.2d 491, 494 (Colo. App. 1983)). I also granted the plaintiff an extension of time until November 2, 2005, to file a certificate of review. Id. The plaintiff has not filed a certificate of review. Failure to file a certificate of review requires dismissal of the plaintiff's claims for professional negligence. See Teiken v. Reynolds, 904 P.2d 1387, 1389 (Colo. App. 1995).

The plaintiff makes numerous frivolous arguments as to why he should not have to file a certificate of review. The plaintiff argues that Colorado law does not apply to the certificate of review issue because the alleged negligence occurred in several different states. However, the Colorado certificate of review requirement applies in FTCA suits brought against the United States in Colorado, regardless of where the professionals are licensed. SmithKline, 393 F.3d at 1118.

The plaintiff asserts that a certificate of review is unnecessary because "Dr. Leyba has admitted negligence and causation in this case." There is no admission of liability in the record. To the contrary, the defendant specifically denies negligence and professional malpractice. *Answer*, filed April 19, 2005.

The plaintiff asserts that a certificate of review is unnecessary because the doctrine of *res ipsa loquitur* applies to his claims and the jury can, therefore, find negligence without expert testimony. The doctrine of *res ipsa loquitur* applies to a malpractice claim only "when it is judicially determined that a particular unexplained occurrence creates a prima facie case of negligence without proof of specific misconduct." Shelton v. Penrose, 984 P.2d 623, 625 n.2 (Colo. 1999). There has been no judicial determination that the doctrine of *res ipsa loquitur* applies in this case, and there is no allegation in the Second Amended Complaint that would support such a determination.

Citing Espander v. Cramer, 903 P.2d 1171 (Colo. App. 1995), the plaintiff argues that no certificate of review is required because the defendant never obtained the plaintiff's informed consent. The plaintiff's reliance on Espander is misplaced. In Espander, the court addressed the failure to obtain consent in the context of a battery claim. The court then stated that, as to claims

5

for negligence, as here, "[t]he language of § 13-20-602 is sufficiently broad to include every claim which requires proof of professional negligence as a predicate to recovery."[1]

Finally, the plaintiff argues that Claims Four through Six do not involve licensed professionals and, therefore, no certificate of review is required. Claim Four expressly refers to the negligence of Dr. Leyba "and other Bureau of Prisons health services employees" and their failure to render appropriate diagnosis and care for his ailments. To the extent Claim Four alleges negligence by Dr. Leyba or any other licensed professional, the claim must be dismissed for failure to file a certificate of review. To the extent Claim Four alleges negligence on the part of any non-professional, a certificate of review is not necessary and the claim can go forward.

Claim Five asserts that the BOP injured him by "wrongfully denying an adequate diet and causing him to suffer chronic anemia, pernicious anemia and denial/withholding of adequate medical diagnosis, care and treatment." Claim Six alleges that the BOP is and has been denying the plaintiff a diet which provides adequate nutrition and meets his "sincerely held religious belief / tenet of strict vegetarianism." Claim Six further alleges that "[b]y denying me an adequate nutritious religious diet the BOP has engaged in deliberate and intentional conduct and committed acts/omissions which are wrongful and or negligent and caused me to suffer serious medical problems - injury, mental anguish & suffering and denial of the right to freely exercise my religion."

Claims Five and Six do not expressly allege the negligence of a licensed professional. However, to the extent these claims are directed at licensed professionals, they must be dismissed

---

[1] The plaintiff also cites Shelton and Gorab v. Zook, 943 P.2d 423 (Colo. 1997) to support his argument that a certificate of review is unnecessary where there has been no informed consent. However, neither Shelton nor Gorab support the plaintiff's argument.

6

for failure to file a certificate of review. To the extent Claims Five and Six are based on the negligent actions of a non-professional, a certificate of review is not necessary and the claims can proceed.[2]

In summary, the plaintiff does not dispute that Claims One through Three allege the negligence of a licensed professional. These claims must be dismissed because the plaintiff has failed to file a certificate of review as required by section 13-20-602, C.R.S. To the extent Claims Four, Five, and Six allege negligence of a licensed professional, these claims must also be dismissed for failure to file a certificate of review. The portions of Claims Four, Five, and Six which allege negligence of a nonprofessional in violation of the FTCA are not subject to the requirements of section 13-20-60, and should not be dismissed.

## IV.  CONCLUSION

I respectfully RECOMMEND that Defendant's Motion to Dismiss Pursuant to Colo. Rev. Stat. § 13-20-602 be GRANTED IN PART and DENIED IN PART as follows:

GRANTED insofar as it seeks dismissal of Claims One through Three for failure to file a certificate of review;

GRANTED to the extent it seeks dismissal of Claims Four, Five, and Six insofar as they allege negligence by a licensed professional; and

DENIED to the extent it seeks dismissal of Claims Four, Five, and Six insofar as they allege negligence by a nonprofessional.

---

[2]The defendants asset that to the extent Claim Six is asserting a <u>Bivens</u> claim against the United States for violation of the plaintiff's First Amendment rights, the Claim is barred by sovereign immunity. However, the plaintiff has clearly stated that Claims One through Six are brought pursuant to the FTCA and are not brought pursuant to <u>Bivens</u>. *Motion for Leave to Amend and Supplement Plaintiff's Second Amended Complaint*, filed October 14, 2005, p. 3, ¶ 3.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 18, 2006.

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge