IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-02128-WDM-BNB

DAVID J. STERLING,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

    This matter is before me on two recommendations from Magistrate Judge Boyd N. Boland, both issued January 18, 2006. The first recommends that defendant United States of America's (the Government) motion to dismiss, filed June 30, 2005, be granted, except to the extent that Plaintiff David J. Sterling's (Sterling) fourth, fifth, and sixth claims allege negligence by individuals who are not licensed professionals. The second recommends that Sterling's Motion for Leave to Amend, filed October 14, 2005, be denied. Sterling filed a timely objection to the first recommendation, but not the second. He is entitled to de novo review on those issues he specifically objects to. 28 U.S.C. § 636(b); *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Having reviewed the Motion to Dismiss, the Response and Reply thereto, the Amended Complaint, Recommendations, Objection, and other relevant filings, I conclude that the second recommendation should be accepted, and the first should be accepted in part,

as discussed below.

1.      Motion to Dismiss

In his Amended Complaint, Sterling brings six overlapping claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, alleging various acts of negligence by Bureau of Prisons physicians who have treated him during his imprisonment at federal institutions throughout the country. In their Motion to Dismiss, the Government argues that all of Sterling's claims should be dismissed because he did not file a "certificate of review" as required by Colorado state law.

### Standard of Review

Because the Government's Motion to Dismiss was filed after their answer to the Amended Complaint, Magistrate Judge Boland appropriately construed the motion as one for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Rule 12(b)(6) principals, however, continue to apply, and the motion will be granted only when it appears beyond doubt that the plaintiff could prove no set of facts entitling it to relief. *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *Id.*

### Discussion

It is well established that suits brought under the FTCA are governed by state substantive law. *See, e.g.*, *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004). Under Colorado law, a plaintiff is required to file a "certificate of review" in nearly all actions against licensed physicians. Colo. Rev. Stat. § 13-20-

2

602(1)(a); *see also Williams v. Boyle*, 72 P.3d 392 (Colo. Ct. App. 2003). This certificate essentially declares that the plaintiff has consulted with an expert, who, after reviewing the facts, found that the case does not lack "substantial justification." § 13-20-602(3)(a). The failure to file a certificate of review "shall result" in dismissal of the claim. § 13-20-602(4). The Tenth Circuit has held that the certificate of review requirement is substantive, not procedural, and therefore applies in FTCA cases. *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1541 (10th Cir. 1996). Therefore, the Government asks that Sterling's claims be dismissed.

In response, Sterling argues that, by the express language of the FTCA, the "law of the place where the act or omission occurred" shall apply. 28 U.S.C. § 1346(b)(1). Therefore, since many of his claims are based on incidents occurring outside of Colorado, Sterling argues that his failure to file a certificate of review cannot bar all of his claims — at most, only the claims arising out of Colorado incidents should be barred.

In rejecting Sterling's argument on this point, Magistrate Judge Boland relies on *SmithKline*, 393 F.3d at 1118, and states that the "Colorado certificate of review requirement applies in FTCA suits brought against the United States in Colorado, regardless of where the professionals are licensed." Recommendation, January 18, 2006, at 5. Magistrate Judge Boland's reliance on *SmithKline*, however, is misdirected in this context. The issue here is not whether the professionals are licensed, but rather where the conduct in question was performed. The events giving rise to the action in *SmithKline* occurred in Colorado. In contrast, many of Sterling's claims are based on

3

incidents occurring outside of Colorado.  Therefore, *SmithKline* is inapposite, and our case is governed by the plain meaning of the FTCA — the "law of the place where the act or omission occurred" applies.  28 U.S.C. § 1346(b)(1); *see, e.g., Lima v. United States*, 708 F.2d 502, 508 (10th Cir. 1983).  It may be that other states do not mandate a certificate of review.  Accordingly, to the extent that Sterling's claims allege professional negligence occurring outside of Colorado, dismissal based solely on Colorado law is inappropriate.

There remains, however, the question of whether Sterling's Colorado-based claims should be dismissed.  Although a certificate of review is generally required in claims against physicians for professional misconduct, an exception is made when the allegations are such that expert testimony is not required to make out a prima facie case.  *Williams*, 72 P.3d at 397.  In his Response to the Motion to Dismiss, Sterling argued five reasons that expert testimony is not required in this case: (1) some of the physicians involved have admitted negligence; (2) the doctrine of res ipsa loquitur applies; and (3) the physicians never advised him of the risks of the medications they gave him; (4) the Government is liable under the theory of respondeat superior; and (5) claims four though six do not involve licensed professionals.

In his Recommendation, Magistrate Judge Boland rejected Sterling's first three arguments in turn, implicitly rejected the fourth, but found some merit in the fifth.  Therefore, to the extent that claims four though six do not allege the negligence of a licensed professional, Magistrate Judge Boland recommends that the Government's motion be denied.  The Government did not file an objection on this last point, and I

agree that the statute is limited by its express terms to "licensed professional[s]." Colo. Rev. Stat. § 13-20-602(1)(a).

In his Objection to the Recommendation, Sterling argues that Magistrate Judge Boland erred in rejecting each of his first three arguments, and by not addressing his fourth. I disagree. First, the parties' pleadings give no indication that the Government or any of its agents admit liability in this case. Although Sterling alleges several admissions in his Response to the Motion to Dismiss, facts asserted for the first time in a response brief are not appropriate considerations for a motion to dismiss. *See County of Santa Fe v. Pub. Serv. Co. of N. M.*, 311 F.3d 1031, 1035 (10th Cir. 2002) (noting that in deciding a Rule 12(b)(6) motion, a court may only consider facts alleged within the complaint, mere argument in a response brief, and in some circumstances, documents referred to by the complaint).

Second, res ipsa loquitur does not apply in this case because without expert testimony, a lay person would not normally know whether Sterling's anemia and gastric problems would ordinarily occur in the absence of a physician's negligence. *See Williams*, 72 P.3d at 398 (holding that doctrine was inapplicable because "the relationship between the kidney damage and the medication is not so clear that a lay person would be able to conclude that the medication caused the damage without expert testimony); *Holmes v. Gamble*, 655 P.2d 405, (Colo. 1982) (noting that the doctrine only applies if "the event is of the kind which ordinarily does not occur in the absence of negligence").

Third, Sterling's argument that government physicians failed to properly advise

5

him is also unpersuasive. To the extent that Sterling argues that he did not give informed consent, he still is required to file a certificate of review. *Espander v. Cramer*, 903 P.2d 1171, 1172-73 (Colo. Ct. App. 1995). To the extent he argues there was no consent at all — essentially a battery claim — the Amended Complaint does not allege any facts to support such a claim.

Finally, Magistrate Judge Boland cannot be seriously faulted for not addressing Sterling's respondeat superior argument because he implicitly found it is too frivolous to warrant serious consideration. Where the Government's physicians are not liable, respondeat superior does not somehow create liability for the Government.

Accordingly, to the extent that Sterling's claims are based on incidents occurring in Colorado, I agree with Magistrate Judge Boland that dismissal is appropriate for failure to file a certificate of review.

2. <u>Motion to for Leave to Amend</u>

Magistrate Judge Boland also recommends that Sterling's Motion for Leave to Amend be denied because he has failed to satisfy the exhaustion requirement for many of the claims he seeks to add. Sterling filed a document specifically declining to object to this recommendation. In these circumstances, I will accept the recommendation.

Accordingly, it is ordered:

1. The Recommendation of Magistrate Judge Boland regarding Defendant's Motion to Dismiss, issued January 18, 2006 (Docket No. 136), is accepted as provided in this order.

2. The Recommendation of Magistrate Judge Boland regarding Plaintiff's Motion

       for Leave to Amend, issued January 18, 2006 (Docket No. 135), is accepted.

3. Defendant's Motion to Dismiss, filed June 30, 2005 (Docket No. 53), is granted as modified herein.

4. To the extent that Plaintiff's Amended Complaint, filed February 2, 2005 (Docket No. 10), asserts professional negligence claims based on incidents occurring in the State of Colorado, these claims are dismissed.

5. Plaintiff's Motion for Leave to Amend, filed October 14, 2005 (Docket No. 103), is denied.

DATED at Denver, Colorado, on March 2, 2006.

                                BY THE COURT:

                                s/ Walker D. Miller
                                United States District Judge