IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-02128-WDM-BNB

DAVID J. STERLING,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the plaintiff's **Complaint for Fraud, Misrepresentations, Bad Faith and Motion to Show Cause Why this Case Should Not be Reopened** [Doc. #161, filed 1/22/07]. I construe the document as a motion (the "Motion") pursuant to Rule 60(b)(3), Fed. R. Civ. P., for relief from the Notice of Dismissal entered on April 17, 2006 [Doc. #158].[1] For the following reasons, I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff is currently incarcerated by the United States Bureau of Prisons ("BOP"). He initiated this case on October 14, 2004. On April 14, 2006, the parties entered into a Stipulation

---

[1] The plaintiff is proceeding *pro se*. I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). To the extent the plaintiff is attempting to request relief pursuant to authority other than Rule 60(b)(3), the request is indecipherable and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

1

for Compromise Settlement.  *Motion*, Ex. 1; *Defendant's Response to Complaint for Fraud, Misrepresentations, Bad Faith and Motion to Show Cause Why this Case Should Not be Reopened* [Doc. #164, filed 2/15/07] (the "Response"), Ex. 1.  The parties filed a Stipulation for Dismissal With Prejudice on April 14, 2006 [Doc. #157].  On April 17, 2006, the district judge entered an order dismissing the case with prejudice [Doc. #158].  At the time, the plaintiff was housed at the Administrative Maximum Facility in Florence, Colorado ("ADX").

As a part of the settlement agreement, the plaintiff agreed (1) to dismiss this civil action with prejudice, and (2) not to file any motions to reopen this lawsuit.  *Motion*, Ex. 1, pp. 3-5; *Response*, Ex. 1, pp. 3-5.  The defendant agreed to (1) expunge an incident report issued to the plaintiff on December 1, 2005; (2) restore the plaintiff to a Step 3 status in the ADX Step-Down Program; (c) place the plaintiff in a cell on the J-A unit of ADX; and (4) make a recommendation that the plaintiff be transferred to a facility located in the Third Circuit.  Id.  It is undisputed that the defendant complied with all four of its requirements within nine days after the plaintiff signed the agreement.  *Response*, Ex. B, ¶ 9.

The plaintiff claims that, in spite of the language of the agreement, he was orally promised an *actual* transfer to a facility located in the Third Circuit.  He asserts that he has been transferred to a facility in Coleman, Florida, rather than a facility in the Third Circuit.  As a result, the plaintiff seeks numerous declarations regarding the defendant's alleged fraudulent behavior in securing the settlement agreement and an order pursuant to Rule 60(b)(3) nullifying the settlement agreement, reopening this case, and placing him "back to the position he was legally, prior to defendant's illegal actions."  *Motion*, p. 7.

2

"An unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Fed. R. Civ. P. 60(b)." Smith v. Phillips, 881 F.2d 902, 904 (10th Cir. 1989) (internal quotations and citation omitted). To reopen a case under Rule 60(b)(3), the plaintiff must prove fraud by clear and convincing evidence. Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999); Anderson v. Dep't of Health and Human Servs., 907 F.2d 936, 952 (10th Cir. 1990).

I look to Colorado law for the elements of fraud. Federal Deposit Ins. Corp. v. Palermo, 815 F.2d 1329, 1334-35 (10th Cir. 1987) (stating that "[i]n fashioning the federal common law . . . we may look for guidance to the law of the state having the closest connection to the transaction at issue").

A claim for fraud under Colorado law requires the following:

> [T]he plaintiff must show the defendant made a false representation of a material fact, knowing that representation to be false; that the person to whom the representation was made was ignorant of the falsity; that the representation was made with the intention that it be acted upon; and, that the reliance resulted in damage to the plaintiff.

Coors v. Sec. Life of Denver Ins. Co., 112 P.3d 59, 66 (Colo.2005). The plaintiff's reliance on the false representation must be justifiable. Nelson v. Gas Research Inst., 121 P.3d 340, 344 (Colo. App. 2005).

The plaintiff declares under penalty of perjury that during settlement negotiations, Benjamin J. Brieschke, Attorney Advisor for the ADX, "made it unambiguously and unequivocably [sic] clear in statements to plaintiff on several occasions that the transfer to the Third Circuit was mandatory, i.e., the agreement requires in exchange for your dismissal of your case you must be transferred to the Third Circuit." *Motion*, ¶ 3. Mr. Brieschke has provided a

3

declaration wherein he denies the plaintiff's allegations.  *Response*, Ex. B.

     None of the evidence cited by the plaintiff substantiates his allegations.  For example, the plaintiff cites to his own Exhibits 4 and 5 to support his allegations that Mr. Brieschke told him that his transfer to the Third Circuit was "mandatory" and was "a done deal."  *Motion*, ¶ 3.  Exhibit 5 has nothing to do with Mr. Brieschke.  Exhibit 4 is Mr. Brieschke's response to five questions submitted by the plaintiff.  The plaintiff has highlighted the following response: "Your transfer papers have been routed and approved by the Warden on April 12, 2006.  In paragraph 7, Recommendations, it clearly sates that you be transferred to an appropriate facility in the Third Circuit."  Neither this statement, nor any of the other statements in Mr. Brieschke's response can be construed as a promise that the plaintiff's transfer to the Third Circuit was "mandatory" and was "a done deal."  To the contrary, the highlighted statement demonstrates that Mr. Brieschke was recommending, not promising, a transfer to the Third Circuit.

     The plaintiff states that Mr. Brieschke and counsel for the defendant, Ms. Weishaupl, told him that transfer decisions are made at the North Central Regional Office when the decisions are really made in Grand Prairie, Texas.  Id. at ¶ 6. The plaintiff claims that Brieschke and Weishaupl told this lie because they understood that "plaintiff would not find it plausable [sic] either Brieschke or Weishaupl would have influence with the Designation Center in Grand Prairie, Texas, and would not have agreed to any deal."  Id.  The plaintiff's claim is not clear and convincing evidence of fraud; it is nothing more than speculation and conjecture--as are the plaintiff's many other unsupported allegations of lies, conspiracy, and retaliation.

In addition to his failure to provide clear and convincing evidence of fraudulent behavior, the plaintiff has not established that his reliance on Brieschke's alleged false statement was reasonable. The settlement agreement clearly states that the terms and conditions of the agreement are set forth within the agreement. *Response*, Ex. A, ¶ 1. The agreement states that the defendant is to "[r]esubmit transfer documents and make a recommendation that Sterling be transferred from the ADX to a federal or state facility in the Third Circuit." Id. at ¶ 4d. The plaintiff's alleged reliance on terms that are not in the agreement--but are, in fact, incompatible with the agreement--is not justifiable or reasonable.

I respectfully RECOMMEND that the Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 27, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

5